UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RAYMOND McCLAIN,

                              Plaintiff,

    -against-                                **VERIFIED COMPLAINT**

ROCHDALE VILLAGE, TIMOTHY DICKINSON,
and GIL FRANCISCO,                         **Jury Trial Demanded**

                              Defendants.
-----------------------------------------------------------------X

        Plaintiff RAYMOND McCLAIN, by and through his counsel, THE COCHRAN FIRM, as and for his Verified Complaint against Defendants, respectfully set forth and allege that:

### NATURE OF THE CLAIMS

    1.    This action seeks declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendants' unlawful employment practices taken against the Plaintiff, including Defendants' discriminatory treatment, harassment, hostile work environment, intentional infliction of emotional distress, wrongful termination and unlawful retaliation against Plaintiff due to his race and his repeated complaints of discrimination in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000 et seq., 42 U.S.C. §981, New York State Human Rights Law, New York State Executive Law §§ 290 et seq. and the New York City Human Rights Law, Administrative Code of the City of New York §§ 8-101 et seq.

    2.    The conduct of Defendants and its employees was knowing, malicious, willful, wanton and/or showed a reckless disregard for Plaintiff. As a result, the Plaintiff has suffered and continues to suffer economic and non-economic damages, permanent harm to his professional and personal reputation as well as severe mental anguish and emotional distress.

3. Defendants' conduct was knowing, malicious, wanton and in reckless disregard of the Plaintiff's rights. It has caused and continues to cause the Plaintiff to suffer substantial economic and non-economic harm, severe mental anguish and emotional distress.

## JURISDICTION & VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331 inasmuch as this action presents a federal question arising under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000 et seq., and the matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00). This Court has supplemental jurisdiction pursuant to 28 USC 1367.

5. Venue of this action is based upon the fact that the Defendants' principal place of business is located within this judicial district and all of the allegations made herein occurred within this judicial district.

## PARTIES

6. Plaintiff Raymond McClain is and was at the time of the occurrence a New York State resident residing in Queens County. At all relevant times, Plaintiff met the definition of an "employee" under all applicable statutes.

7. Defendant Rochdale Village is a corporation duly existing under and by virtue of the laws of the State of New York and maintains its principal place of business at 169-65 137th Avenue, Jamaica, New York 11434, within this judicial district. At all relevant times, Defendant Rochdale Village was responsible for hiring, training, monitoring and supervising its employees and met the definition of an "employer" under all applicable statutes.

8. At all relevant times, Defendant TIMOTHY DICKINSON was the Chief and supervisor at Defendant Rochdale Village, supervised Plaintiff, and participated directly in the unlawful discrimination, hostile work environment, retaliation and otherwise unfair employment decisions and actions taken against the Plaintiff.

9. At all relevant times, Defendant GIL FRANCISCO was the Assistant Chief and supervisor at Defendant Rochdale Village, supervised Plaintiff, and participated directly in the unlawful discrimination, hostile work environment, retaliation and otherwise unfair employment decisions and actions taken against the Plaintiff.

## PROCEDURAL REQUIREMENTS

10. Plaintiff filed a dual charge of discrimination against Defendant Rochdale Village alleging facts of retaliation with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 520-2017-01019 and the New York State Division of Human Rights (NYDHR) on January 18, 2017.

11. On April 2, 2018, a Right to Sue notice was mailed to Plaintiff.

12. All conditions and requirements precedent to the commencement of this action have been complied with.

## FACTUAL ALLEGATIONS

13. Plaintiff was hired at Rochdale Village in November 2013 as first black Plant Technician. After posting his detailed qualifications on an employment website, including his thirty years of experience as a Plant Technician, he scored the highest on the test administered by Rochdale. Hired based on his test score and resume, once Plaintiff's supervisors learned that he was black, he was immediately subjected to unequal and discriminatory working conditions, including a hostile work environment.

14. Before Plaintiff became the first black Plaint Technician, all previous Plant Techs at Defendant Rochdale wore a management uniform that included a white shirt and white hat. As the first African-American in his position, he was denied the traditional tech management uniform and ordered to wear the green jumpsuit that the maintenance crew wore.

15. In addition, previous Plant Techs sat in an office and their duties included handling the technical duties of a licensed technician, handing out jobs to the crew, and control

work. By contrast, as the first African-American in his position the duties were changed. Instead of performing the highly skilled work of a licensed technician, he was ordered by his supervisors, including Defendant Dickinson and Defendant Francisco, to complete the tasks that other laborers failed to complete. The previous white Plaint Techs sat at a desk in the management office with the Chief and Assistant Chief. However, he was ordered to clean out a storage area in the back of the plant, his desk was moved out of the management office and he was instructed to sit in the storage area.

16. Plaintiff complained about the discriminatory treatment to Dolores Benner, the Director of Human Resources and designated EEO contact. Ms. Benner assured Plaintiff that she would put a stop to the harassment.

17. Instead of stopping the harassment and discrimination, Plaintiff was immediately retaliated against. He was given bogus disciplinary write-ups that resulted in severe adverse employment actions, including being suspended from work without pay. For example, he was suspended without pay for two weeks for allegedly causing a short that could have led to a blackout or fire. In fact, he had properly installed several splice boxes on that day and none resulted in a fire or explosion. Due to Defendant Rochdale's insistence that an incorrect housing unit for the splice boxes be used, one of the installations did result in a minor short that Plaintiff quickly repaired. In contrast, two weeks later, Plaintiff's white supervisor, Defendant Dickinson, actually tripped a wire and caused a massive blackout in twenty buildings, trapping people in elevators and resulting in the fire department, rescue units and news media to come to the scene. Chief Dickinson was not suspended or disciplined.

18. The retaliation that Plaintiff was subjected to was so severe that he was suspended for taking an earned day off to meet with Human Resources to lodge his complaints. In or about January 2016, Plaintiff met with Ms. Brenner and informed her that he had filed an EEOC charge

of discrimination. Ms. Benner assured him that she would put a stop to the harassment that he was being subjected to and convinced Plaintiff to withdraw his EEOC complaint.

19.     The harassment and discriminatory and retaliatory treatment continued unabated. Plaintiff's white supervisors continued to write him up for bogus and petty alleged offenses that white employees were not written up for. For example, he was written up for being "late to receive his work assignment." This invented violation alleged that while Plaintiff was not late to work, he was in a different room a few feet away when Defendant Dickinson began giving out the daily work assignments. When Plaintiff entered the room and asked for his assignment, he was immediately berated, ordered into a disciplinary meeting and given a write-up. Numerous white employees who arrive at work late or are in different areas of the plant when assignments are given out are not disciplined.

20.     Plaintiff has also been falsely accused of sleeping on the job resulting in a write-up and suspension.

21.     At Defendant Rochdale's plant, white employees are notoriously coddled, including receiving higher pay than similarly-situated black employees and being awarded substantial overtime. In addition, white employees were permitted to flagrantly violate labor laws and various rules by earning pay and overtime when they clock in at Rochdale and then leave without completing their shift. Specifically, Assistant Chief Gerald McSloy, who is white, frequently punched in at Rochdale and then left to go to his other job at nearby Jamaica Hospital yet was paid as if he worked his shift at Rochdale. Likewise, Defendant Dickinson would often punch in, walk around a bit so that he was seen and then would leave, getting paid for a full shift, and often overtime as if he had been at Rochdale the entire time.

22.     On or about January 18, 2017, Plaintiff was falsely accused of sleeping on the job. In fact, he was not sleeping and was simply sitting in a chair while he waited for a part to complete a repair. By contrast, multiple white employees have been seen asleep at work with

their heads down on a table and requiring being shaken awake, yet none of them were written up. For example, Assistant Chief McSloy, saw his own son, Kevin McSloy, sleeping at work when he was supposed to be monitoring the boiler at Rochdale Village, and had to slap him awake.

23. On or about January 19, 2017, in an act of further discrimination and in retaliation for his complaints of discrimination, Plaintiff was terminated.

## COUNT ONE: RACE DISCRIMINATION PURSUANT TO 42 U.S.C. § 1981

24. Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

25. Defendants' conduct, by and through its agents, in treating Plaintiff in the manner unequal to other employees, discriminatorily denied Plaintiff equal treatment on the basis of his race in violation of 42 U.S.C. § 1981 in the terms, conditions and privileges of his employment.

26. Defendants in failing to adequately investigate and remedy the treatment to which Plaintiff was subjected, despite the Defendants' knowledge of the conduct, discriminatorily denied Plaintiff equal treatment on the basis of race in violation of 42 U.S.C. § 1981 in the terms, conditions and privileges of his employment. Plaintiff was intentionally subjected to a racially motivated hostile work environment that was permeated with discriminatory intimidation, ridicule and insult. The harassment Plaintiff experienced was sufficiently severe and/or pervasive so as to adversely alter his working conditions and cause him intentional emotional distress, depressed feeling and physical harm.

27. The discriminatory acts of the Defendants as described above were intentional and were substantially motivated on the basis of Plaintiff's race. Defendants engaged in an ongoing and continuous pattern and practice of intentional discrimination, which was the Defendants' standard operating procedure.

28. As a result of the Defendant's conduct, Plaintiff has suffered and will continue to suffer past and future economic, physical and emotional harm.

29. Defendant should be held liable on this count and Plaintiff should be awarded all appropriate relief.

## COUNT TWO: RETALIATION PURSUANT TO
## 42 U.S.C. § 1981

30. Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

31. Defendants have retaliated against Plaintiff, by inter alia, harassing him, threatening him, humiliating him, stripping him of important responsibilities, exposure and other privileges of employment that are extended to other employees, and undermining his ability to effectively perform his job in violation of 42 U.S.C. §1981 for his opposition to Defendants' discriminatory practices toward himself and/or his participation in criticizing and lodging complaints about Defendants' discriminatory practices.

32. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of 42 U.S.C. §1981, Plaintiff has suffered monetary and/or economic damages, including but not limited to, loss of income and benefits for which he is entitled to an award of monetary damages and other relief.

33. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of Title VII, the Plaintiff has suffered mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages.

## COUNT THREE: RACE AND DISCRIMINATION PURSUANT TO TITLE VII

34. Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

35. Defendants' conduct, by and through its agents, in treating Plaintiff in the manner unequal to other employees, discriminatorily denied Plaintiff equal treatment on the basis of race in violation of 42 U.S.C. § 2000e.

36. Defendants, in failing to adequately investigate and remedy the treatment to which Plaintiff was subjected, despite the Defendants' knowledge of the conduct, discriminatorily denied Plaintiff equal treatment on the basis of race in violation of Title VII. In addition, Plaintiff was subjected to a racially motivated hostile work environment that was permeated with discriminatory intimidation, ridicule and insult based on his race. The harassment Plaintiff experienced was sufficiently severe and/or pervasive so as to adversely alter his working conditions and cause her intentional emotional distress.

37. The discriminatory acts of the Defendants as described above were intentional and were substantially motivated on the basis of Plaintiff's race.

38. Defendants engaged in an ongoing and continuous pattern and practice of intentional discrimination, which was the Defendants' standard operating procedure. Defendants subjected Plaintiff to a hostile work environment. Plaintiff's workplace was permeated with discriminatory intimidation that was sufficiently severe and pervasive to alter the conditions of his work environment. There further exists a specific basis for imputing the conduct that created the hostile environment to the employer, as the adverse actions experienced by Plaintiff were caused solely by his supervisors and higher level administrators. All of the actions that occurred within this time period were part of one continuous ongoing

hostile work environment perpetuated by Defendants because of Plaintiff's race. Such that collectively the adverse employment actions constitute one unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1).

39. As a result of the Defendants' conduct, Plaintiff has suffered and will continue to suffer past and future economic, physical and emotional harm.

40. Defendants should be held liable on this count and Plaintiff should be awarded all appropriate relief.

### COUNT FOUR: RETALIATION IN VIOLATION OF TITLE VII

41. Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

42. Defendants, through their employees, have retaliated against Plaintiff, by <u>inter alia</u>, harassing him, threatening him, humiliating him, stripping him of important responsibilities, exposure and other privileges of employment that are extended to other employees, and undermining his ability to effectively perform his job in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§1983, <u>et seq</u>. for his opposition to Defendants' discriminatory and harassing practices toward himself, and/or his participation in criticizing and lodging complaints about Defendants' discriminatory and harassing practices.

43. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered monetary and/or economic damages, including but not limited to, loss of income and benefits for which he is entitled to an award of monetary damages and other relief.

44. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of Title VII, the Plaintiff has suffered mental anguish and emotional distress,

including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages.

## COUNT FIVE: RACE DISCRIMINATION IN VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW

45. Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

46. Defendants' conduct, by and through its agents, in treating Plaintiff in the manner unequal to other employees, discriminatorily denied Plaintiff equal treatment on the basis of race in violation of New York State Human Rights Law (NYSHRL).

47. Defendants in failing to adequately investigate and remedy the treatment to which Plaintiff was subjected, despite Defendant's knowledge of the conduct, discriminatorily denied Plaintiff equal treatment on the basis of race in violation of NYSHRL. In addition, Plaintiff was subjected to a racially motivated hostile work environment that was permeated with discriminatory intimidation, ridicule and insult based on his race. The harassment Plaintiff experienced was sufficiently severe and/or pervasive so as to adversely alter his working conditions and cause him intentional emotional distress.

48. The discriminatory acts of the Defendants as described above were intentional and were substantially motivated on the basis of Plaintiff's race.

49. The Defendant engaged in a pattern and practice of intentional discrimination, which was Defendant's standard operating procedure. Defendant's subjected Plaintiff to a hostile work environment. Plaintiff's workplace was permeated with discriminatory intimidation that was sufficiently severe and pervasive to alter the conditions of his work environment. There further exists a specific basis for imputing the conduct that created the

hostile environment to the employer, as the adverse actions experienced by Plaintiff were caused solely by his supervisors and higher level administrators. All of the actions that occurred within this time period were part of one continuous ongoing hostile work environment perpetuated by Defendant because of Plaintiff's race. Such that collectively the adverse employment actions constitute one unlawful employment practice under NYSHRL.

50. As a result of the Defendant's conduct, Plaintiff has suffered and will continue to suffer past and future economic, physical and emotional harm.

51. Defendant should be held liable for discriminating against Plaintiff on account of his race, in violation of the NYSHRL.

## COUNT SIX: RETALIATION IN VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW

52. Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

53. Defendants have retaliated against Plaintiff by, inter alia, harassing him, threatening him, humiliating him, and undermining his ability to effectively perform his job in violation of the New York State Human Rights Law for his opposition to Defendants' discriminatory practices toward him and/or his participation in criticizing and lodging complaints about Defendants' discriminatory practices toward him.

54. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, for which he is entitled to an award of monetary damages and other relief.

55. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the New York State Human Rights Law, Plaintiffs suffered and continue to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

## COUNT SEVEN: AIDING AND ABETTING VIOLATIONS OF NEW YORK STATE HUMAN RIGHTS LAW

56. Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

57. Defendants Dickinson and Francisco knowingly and/or recklessly aided and abetted the unlawful employment practices, discrimination and retaliation against Plaintiff in violation of the New York State Human Rights Law by actively participating in the unlawful conduct set forth above.

58. Defendants have discriminated against Plaintiff on the basis of his race through a pattern and practice of fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive race discrimination by the Defendants.

59. As a direct and proximate result of Defendants Dickinson and Francisco's unlawful discrimination and retaliation against Plaintiff in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief.

60. As a direct and proximate result of Defendants Dickinson and Francisco's unlawful discrimination and retaliation against Plaintiff in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

### COUNT EIGHT:   RACE AND GENDER DISCRIMINATION IN VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW

61. Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

62. Defendants' conduct, by and through its agents, in treating Plaintiff in the manner unequal to other employees, discriminatorily denied Plaintiff equal treatment on the basis of race in violation of New York City Human Rights Law by denying him equal terms and conditions of employment, including but not limited to, subjecting him to disparate working conditions, denying him the opportunity to work in an environment free of unlawful discrimination, and denying him equal pay and other benefits to that of similarly-situated Caucasian employees.

63. Defendants have discriminated against Plaintiffs on the basis of his race, in violation of the New York City Human Rights Law by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy discrimination of Plaintiff by his colleagues and supervisors.

64. Defendants have discriminated against Plaintiff on the basis of his race in violation of the City of New York Human Rights Law through a pattern and practice of fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a

hostile work environment that included, among other things, severe and pervasive race discrimination of the Plaintiffs by the Defendants.

65. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the New York City Human Rights Law, Plaintiff suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which he is entitled to an award of damages.

66. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the New York City Human Rights Law, Plaintiff suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of damages.

67. Defendants' unlawful and discriminatory actions constitute malicious, willful and wanton violations of the New York City Human Rights Law for which Plaintiff is entitled to an award of punitive damages.

## COUNT NINE:   RETALIATION IN VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW

68. Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

69. Defendants have retaliated against Plaintiff by, _inter alia_, harassing him, threatening him, humiliating him, and undermining his ability to effectively perform his job in violation of the New York City Human Rights Law for his opposition to Defendants' discriminatory practices toward him and/or his participation in criticizing and lodging complaints about Defendants' discriminatory practices toward him.

70. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, for which he is entitled to an award of monetary damages and other relief.

71. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the New York City Human Rights Law, Plaintiff suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

## COUNT TEN: AIDING AND ABETTING VIOLATIONS OF NEW YORK CITY HUMAN RIGHTS LAW

72. Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

73. Defendants Dickinson and Francisco knowingly and/or recklessly aided and abetted the unlawful employment practices, discrimination and retaliation against Plaintiff in violation of the New York City Human Rights Law by actively participating in the unlawful conduct set forth above.

74. Defendants have discriminated against Plaintiff on the basis of his race through a pattern and practice of fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive race discrimination by the Defendants.

75. As a direct and proximate result of Defendants Dickinson and Francisco's unlawful discrimination and retaliation against Plaintiff in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief.

76. As a direct and proximate result of Defendants Dickinson and Francisco's unlawful discrimination and retaliation against Plaintiff in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief:

A. Declare that Defendants intentionally and willfully discriminated against Plaintiff on account of his race in violation of Title VII, Section 1981, NYSHRL and NYCHRL;

B. Declare the Defendants retaliated against Plaintiff as a result of his complaints of race discrimination;

C. Declare that the individually-named Defendants aided and abetted violations of NYCHRL and NYSHRL;

D. Declare that Defendant intentionally and willfully caused Plaintiff emotional distress;

E. Award of compensatory to Plaintiff;

F. Award of punitive and liquidated damages to Plaintiff;

G. Award attorney's fees and costs;

H. Award of interest and costs;

I. A money judgment to recoup any tax loss suffered by Plaintiff as a result of receiving a lump sum award of back pay rather than having received wages over a period of years;

J. Award such other relief in law or equity as this Court deems appropriate.

## JURY TRIAL DEMANDED

Plaintiff respectfully requests a jury trial on all questions of fact raised by her Complaint.

Dated:  New York, New York
        June 29, 2018

>                                Yours etc.,
>
>                                THE COCHRAN FIRM
>                                Attorneys for Plaintiff
>
>
>                                _____/s/_____
>                                TRACEY L. BROWN (TB-4094)
>                                55 Broadway, 23rd Floor
>                                New York, NY 10006
>                                Tel No.: (212) 227-9740
>                                Fax No.: (212) 227-8763
>                                tbrown@cochranfirm.com

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK   )
                    ).SS:
COUNTY OF NEW YORK)

The undersigned, an attorney, duly admitted to practice law in the Courts of the State of New York, and hereby deposes and states that:

I am the managing partner of THE COCHRAN FIRM, attorneys for the plaintiff in the above action. I have read the annexed COMPLAINT and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: investigation, interviews with client, records, reports, documents, correspondence, data, memoranda, etc., contained in the file.

The reason I make this verification instead of plaintiff, is that the plaintiff resides out of the County of New York, wherein I maintain my offices.

I affirm that the foregoing statements are true under the penalties of perjury.

Dated: New York, New York
       June 29, 2018

                                               /s/
                                        TRACEY L. BROWN